UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANNY R. RICHARDS,

    Plaintiff,

v.      CAUSE NO. 3:22-CV-581-DRL-MGG

IND. DEPT. OF CORRS. *et al.*,

    Defendants.

OPINION AND ORDER

Danny R. Richards, a prisoner without a lawyer, filed a case-initiating document labeled "Motion for Permanent Injunction." (ECF 1.) He did not use the court's approved complaint form for prisoner actions under 42 U.S.C. § 1983, which is available in his prison's law library. *See* N.D. IND. L.R. 7-6 (providing that the court can require litigants representing themselves to use clerk-supplied complaint forms). Nevertheless, it is evident from his filing who he is trying to sue and why. In this instance, the court will overlook this procedural deficiency and treat his filing as a complaint, but he is reminded that he is expected to comply with applicable procedural rules though he is proceeding without counsel. *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("As we have repeatedly held, even pro se litigants must follow procedural rules[.]").

Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Richards is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Richards sues the Indiana Department of Correction (IDOC) and the U.S. Department of Treasury. He claims that he has been denied his federal economic impact payments (EIP) due to a mix-up with his social security number, which IDOC has allegedly failed to correct. He claims that this violates the Consolidated Appropriations Act of 2021 (CAA), Pub. L. No. 116-260, 132 Stat. 2072, and the Coronavirus Aid Relief and Economic Security Act (CARES Act), 26 U.S.C. § 6428. He requests that the court order the U.S. Department of Treasury to pay him the money he claims to be owed immediately, for IDOC to correct the alleged error with his social security number, and for both defendants to pay court costs and other expenses.

His claims cannot proceed. The U.S. Department of Treasury has sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Likewise, the IDOC is not a "person" who can be sued under 42 U.S.C. § 1983.[1] *Will v. Michigan Dep't*

---

[1] Section 1983 does not create any substantive rights but "merely provides a mechanism for enforcing individual rights secured elsewhere, i.e., rights independently secured by the Constitution and laws of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). Although Mr. Richards does not label his complaint as such, it is evident that the only viable procedural vehicle for his claims is 42 U.S.C. § 1983. There is no means for a plaintiff to simply seek a "permanent injunction" without the filing of a proper complaint that invokes this court's jurisdiction. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013).

*of State Police*, 491 U.S. 58, 70 (1989). Additionally, any claim for money damages against the IDOC is barred by the Eleventh Amendment. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019).

Even if he could overcome these barriers, the CARES Act and the CAA do not create a private right of action. *See Graham v. Payne*, No. 3:21-CV-888-DRL-MGG, 2022 WL 815138, 2 (N.D. Ind. Mar. 17, 2022) (concluding that plaintiff could not separately bring a private right of action under the CARES Act for EIPs); *Walters v. Mnunchin*, No. 3:21-CV-275-JD-MGG, 2021 WL 2105387, 4 (N.D. Ind. May 25, 2021) ("[T]here is no suggestion there is a private cause of action under the CARES Act for receipt of specific non-disbursed funds, and it is not this Court's function to raise up a cause of action where a statute has not created one."); *see also Turner v. Hamilton Cnty. Tr. Ass'n*, No. 122-CV-00275-TWP-DML, 2022 WL 1606289, 4 (S.D. Ind. May 20, 2022) ("[T]here is no private right of action created, expressly or impliedly, by Congress in the CAA or the CARES Act."); *Wheat v. Mnunchin*, No. 2:21-CV-5-ACL, 2021 WL 1751299 (N.D. Mo. May 4, 2021) (dismissing prisoner's complaint seeking court order to receive EIPs under the CARES Act).

Ordinarily the court will afford an indigent litigant an opportunity to amend his complaint before dismissing the case. Here, however, the court finds no basis to conclude that if given another opportunity, Mr. Richards could assert a plausible claim against either defendant, consistent with the allegations he has already made. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (leave to amend is not required when amendment would be futile).

For these reasons, the case is DISMISSED pursuant to 28 U.S.C. § 1915A. The clerk is DIRECTED to close the case.

SO ORDERED.

July 26, 2022                                  *s/ Damon R. Leichty*
                                               Judge, United States District Court